JOHN W. BULKLEY *vs.* INHABITANTS OF WILLIAMSTOWN.

An inhabitant of this commonwealth, who removes from the town of his residence, with the intention of never residing there again, and of removing to another state, is still, so long as he remains in this commonwealth, liable to taxation in that town, until he acquires another domicil.

ACTION OF CONTRACT to recover back the amount of a tax assessed by the defendants upon the plaintiff in 1853.

At the trial in the court of common pleas, it appeared that, prior to the 1st of May 1853, the plaintiff, who had previously been an inhabitant of Williamstown, had made preparations for removing from Williamstown to the west, contemplating a residence in Rock Island, Illinois; and that the last week in April he left Williamstown with his family, and took rooms and board in Adams, where he remained for two weeks, and then left his family and went to Rock Island, purchased real estate, located himself, returned for his family and goods, and took them to Rock Island, where he had ever since resided. There was conflicting evidence as to the nature and purpose of the plaintiff's residence in Adams.

*Hoar*, J. instructed the jury that if the plaintiff had removed from Williamstown before the 1st of May 1853, with a *bona fide* intention of abandoning his residence in that town from that time, and with no present intention of ever again making it his home, still he remained an inhabitant of Williamstown, for the purpose of taxation, unless he had, before the 1st of May, acquired a domicil in Adams, by his temporary residence in that town; and that the plaintiff, for the purpose of taxation, retained his residence in Williamstown, until he acquired one elsewhere, although he had, before the 1st of May, abandoned the town of Williamstown, with the intention of never residing there again; and that he would not acquire a domicil in Rock Island till he went there. The verdict was for the defendants and the plaintiff alleged exceptions to these instructions.

*H. L. Dawes & J. T. Robinson*, for the plaintiff. The general rule that a man retains one domicil until he acquires another is

admitted.   But the words " be an inhabitant," in Rev. Sts. *c.* 7 § 9, mean something more than " have a domicil."   As the plaintiff had finally abandoned his home in Williamstown, with the intention of never returning, and set out, with his family and property, for another state, there was no reason why he should be taxed in Williamstown.   Perhaps he might have been taxed in Adams, where he was found temporarily residing on the 1st of May.   *Harvard College* v. *Gore,* 5 Pick. 376, 377.   *Kilburn* v. *Bennett,* 3 Met. 201.   *McDaniel* v. *King,* 5 Cush. 475.   *Thorndike* v. *Boston,* 1 Met. 242.   *Sears* v. *Boston,* 1 Met. 250.   *Lyman* v. *Fiske,* 17 Pick. 234.   *Jamaica* v. *Townshend,* 19 Verm. 267. *Exeter* v. *Brighton,* 15 Maine, 60.   *In re Wrigley,* 8 Wend. 140.   1 Amer. Lead. Cas. (3d ed.) 697 *& seq., note* to *Grier* v. *Daniel.*

*A. J. Waterman,* for the defendants.

SHAW, C. J.   The instructions, we think, were strictly correct, conformable to the rules that have been heretofore adopted, and are not open to exception.   The question of domicil is often a difficult one; and it is a matter of surprise, considering the number of cases, that questions do not arise more frequently.   The difficulty is intrinsic, in determining, under the various combinations of circumstances, what constitutes habitancy or domicil, which, for most purposes at least, are the same.   It may be different in different cases.   In the case of belligerents and neutrals, the general rule is, that if a man has taken up his abode in a country, his national character, whether neutral or belligerent, is determined by such place of abode, without regard to his origin.   Here we are to consider what it is, for purposes of taxation.   Every person is to be taxed " in the town where he shall be an inhabitant on the first day of May."   Rev. Sts. *c.* 7, § 9.   By the term " inhabitant," in this clause, the legislature intended " inhabitant of this commonwealth."   In conformity with generally acknowledged rules of law, the domicil of most men is established by plain and unequivocal facts.   But the distinction between the cases sometimes becomes shadowy and indistinct, in consequence of the nearly balanced evidence in favor of two or more different places, and the very minute circumstances, which may turn the

scale. Many such are stated in the cases cited in the argument.

The question in this case, is, Where was the plaintiff's domicil on the 1st of May, 1853 ? Clearly not in Rock Island, Illinois, for he had not taken up his abode there. But he was an inhabitant of Massachusetts, for the purposes of taxation, and of some town, city or district. There being no evidence in regard to any other place but Williamstown and Adams, his domicil or place of residence must have been in one of these, and the question is which of them. . Whether he had left Williamstown, with an intent to make Adams his place of abode, was a question of fact, which was left to the jury, who decided that he had not, which appears to us to be right, according to the evidence as reported.

The general rule, and, for practical purposes, a fixed rule, is, that a man must have a habitation somewhere ; he can have but one ; and therefore, in order to lose one, he must acquire another. This is the test, the practical test ; and it is hardly necessary to say how important it is to have a practical rule, and a general rule. One of the fixed rules on the subject is this ; that a purpose to change, unaccompanied by actual removal or change of residence, does not constitute a change of domicil. The fact and the intent must concur. He must remove, without the intention of going back. The question here is, whether he can abandon one, without acquiring another, and we think it has always been held that he cannot. If he goes into another state, and returns for his family, his personal presence there, concurring with the intent, may fix his domicil there. But if he has not previously removed to the other state, he has not acquired a domicil there, or lost one here.

But it is not necessary to go so far, to dispose of this case. The plaintiff had left Williamstown with the intention of going to Illinois, and not with the intention of making his domicil in Adams, but only of temporarily placing his family there. The case of *Kilburn* v. *Bennett*, 3 Met. 199, was very like this, except that there the plaintiff had the intent to make the town, in which he was on the 1st of May, his home, until he should go to Illinois

and that was the decisive circumstance, distinguishing it from this case. The cases of *Thorndike & Sears* v. *Boston*, 1 Met. 242, 250, which were very nearly alike in their facts, a slight distinction only placed on different sides of the line. A general principle must be adopted and adhered to, however difficult of application to peculiar combinations of fact; otherwise, great uncertainty and confusion would ensue.

*Exceptions overruled.*